BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6874
    Facsimile: (213) 894-0141
    E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JONATHON REDONDO-ROSALES,<br><br>       Defendant. | No. CR 25-679-JLS<br><br>GOVERNMENT'S NOTICE OF MOTION AND MOTION *IN LIMINE* #3 TO EXCLUDE POST-ASSAULT EVIDENCE<br><br>Hearing Date: September 26, 2025<br>Hearing Time: 8:30 am<br>Location:    Courtroom of the Hon. Josephine L. Staton |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, hereby files its Motion <u>In Limine</u> #3 to exclude evidence of defendant's arrest after the assault against Federal Protective Services Investigator Z.C., including any testimony or argument regarding how defendant was arrested, under Federal Rules of Evidence Rules 401, 402, and 403.

---

    [1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

1      This motion is based upon the attached memorandum of points and

2 authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4      On September 12, 2025, government and defense counsel met and

5 conferred regarding this motion via email.  Defense counsel has

6 indicated defendant opposes the relief sought in this motion.

7 Dated: September 16, 2025          Respectfully submitted,

8                                BILAL A. ESSAYLI
                               Acting United States Attorney

9

10                                JOSEPH T. MCNALLY
                               Assistant United States Attorney
                               Acting Chief, Criminal Division

11

12                                       /s/
                                _____

13                                ROBERT K. QUEALY
                               Special Assistant United States
                               Attorney

14

15                                Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On August 2, 2025, defendant JONATHON REDONDO-ROSALES ("defendant") forcibly assaulted Federal Protective Service ("FPS") Officer Z.C. by intentionally striking at and hitting Z.C.'s face. Defendant struck at the victim in an attempt to avoid being detained after defendant obstructed law enforcement by jumping onto the hood of a moving government vehicle.  After striking the victim, he and other FPS officers arrested defendant.  For this conduct, defendant has been charged in an information with Simple Assault of a Federal Officer, a Class A Misdemeanor, in violation 18 U.S.C. § 111(a)(1). Defendant should be excluded from offering any evidence or argument regarding how defendant was arrested, specifically, any evidence or argument regarding the amount of force used by the arresting officers.

Any testimony or argument regarding the force used to detain and arrest defendant is plainly irrelevant under Federal Rules of Evidence Rules 401 and 402 because the purported evidence happened after defendant assaulted victim Z.C.  Therefore, such evidence is irrelevant to whether defendant intentionally and forcibly assaulted Z.C. or any theory of self-defense, as it comes after the assault.

Even if the Court were to find such evidence relevant, which it is not, it should be excluded under Federal Rule of Evidence Rule 403.  Immigration enforcement is a highly politicized issue – especially now –, and defendant's assault of Z.C. in this case occurred during a protest of immigration enforcement.  Admission of evidence of how defendant was arrested risks producing a decision based not on the law and the evidence presented at trial, but on

unfair prejudice and emotion that would mislead the jury regarding the elements of the offense and their duties.  This is exactly what Rule 403 is designed to prevent.

**II.    STATEMENT OF FACTS**

As described more fully in the government's motion in limine #2 to preclude defendant's argument for self-defense, which is incorporated here by reference, on August 2, 2025, defendant was present among a group of protestors at the Alameda Street Entrance to the Roybal Federal Building located on the 500 block of North Alameda Street in Los Angeles.  Defendant walked across North Alameda Street towards the federal building as a federal vehicle was exiting onto the street.  Defendant stepped in front of the vehicle and then intentionally collapsed on the hood of the car.

As victim Z.C., an FPS officer, and approximately two other FPS officers approached defendant to detain him for obstructing a government vehicle, defendant retreated from victim Z.C. and swatted with his left hand towards Z.C.'s face.  Defendant was holding a straw hat in his left hand at the time of the strike.  At the time of the assault, victim Z.C. was reaching towards defendant to detain him.  After swatting at victim Z.C., defendant fell backwards onto the pavement.  As Z.C. and another FPS officer attempted to arrest defendant, defendant continued to resist.  Another FPS Officer ultimately tackled defendant to the ground.

**III.  ARGUMENT**

Any video, testimony, or argument regarding how defendant was arrested is inadmissible under Federal Rules of Evidence Rules 401, 402, and 403.

1    **A.    Evidence of Defendant's Post-Assault Arrest is Irrelevant**
2    **and Therefore Inadmissible.**

3        Evidence of defendant's post-assault arrest is inadmissible

4    because it is irrelevant under Rule 402.  Generally, evidence is

5    admissible if it has "any tendency to make the existence of any fact

6    that is of consequence to the determination of the action more

7    probable or less probable than it would be without the evidence."

8    Fed. R. Evid. R. 401.  Evidence that does not meet this definition is

9    inadmissible.  Fed. R. Evid. R. 402.  Evidence of defendant's post-

10   assault is not probative of defendant's state of mind.  Even if the

11   Court were to entertain defendant's arguments regarding self-defense,

12   which the Government addresses in its separate motion in limine #2,

13   such evidence would still be inadmissible because it is not relevant

14   to whether the defendant reasonably believed that force was necessary

15   to defend against an immediate use of lawful or unlawful force by

16   Z.C.  Thus, the evidence and argument should be excluded.

17   **B.    Evidence of Defendant's Post-Assault Arrest is Inadmissible**
18   **under Rule 403.**

19       Any videos, testimony, or argument regarding how defendant's

20   post-assault arrest is inadmissible under Federal Rule of Evidence

21   Rule 403.  Rule 403 provides that "[t]he court may exclude relevant

22   evidence if its probative value is substantially outweighed by danger

23   of one or more of the following: unfair prejudice, confusing the

24   issues, misleading the jury, undue waste of time, or needlessly

25   presenting cumulative evidence."  Fed. R. Evid. R. 403. "Unfair

26   prejudice means undue tendency to suggest decision on an improper

27   basis, commonly, though not necessarily, an emotional one." United

28   States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (internal

quotations marks and citation omitted).  For the reasons stated above, evidence of defendant's post-assault arrest is irrelevant to the issues of whether defendant knowingly assaulted Z.C. or whether defendant reasonably believed that striking Z.C. was necessary to defend against an immediate use of unlawful force by Z.C.  Even if the Court found this evidence had some minor probative value, which it does not, that probative value would be substantially outweighed by its tendency to cause unfair prejudice, confuse of the issues, mislead the jury, and waste time.  The charged crime in this case is misdemeanor assault on a federal officer.  The trial turns entirely on the events _prior_ to defendant's arrest, namely the circumstances of the assault, and whether defendant has any valid claim of self-defense.  To permit such evidence would instead focus the jury's attention on what happened _after_ the assault which is irrelevant – and would simply be a ploy to elicit sympathy from the jury.  Such evidence would be unfairly prejudicial because it invites the jury to make a decision on an improper emotional basis.

**IV.  CONCLUSION**

        For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

4