1  BILAL A. ESSAYLI
   Acting United States Attorney
2  JOSEPH T. MCNALLY
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   ROBERT K. QUEALY[1]
4  Special Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-6874
7       Facsimile: (213) 894-0141
        E-mail:    Robert.Quealy@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR 25-679-JLS

13          Plaintiff,                 STIPULATION REGARDING REQUEST FOR
                                       (1) CONTINUANCE OF TRIAL DATE AND
14              v.                     (2) FINDINGS OF EXCLUDABLE TIME
                                       PERIODS PURSUANT TO SPEEDY TRIAL
15  JONATHON REDONDO-ROSALES,          ACT

16          Defendant.                 **CURRENT TRIAL DATE:**   10/07/25
                                       **PROPOSED TRIAL DATE:**  10/21/25
17

18

19

20       Plaintiff United States of America, by and through its counsel

21  of record, the Acting United States Attorney for the Central District

22  of California and Special Assistant United States Attorney Robert K.

23  Quealy, and defendant Jonathon Redondo-Rosales ("defendant"), both

24  individually and by and through his counsel of record, Katherine

25  McBroom, hereby stipulate as follows:

26       1.   The Information in this case was filed on August 15, 2025.

27  Defendant first appeared before a judicial officer of the court in

28  ─────────────────────
         [1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

1  which the charges in this case were pending on August 5, 2025.  The

2  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

3  trial commence on or before October 24, 2025.

4      2.    On August 25, 2025, the Court set a trial date of October

5  7, 2025, and pretrial conference date of September 26, 2025.

6      3.    Defendant is detained pending trial. The parties estimate

7  that the trial in this matter will last approximately one to two

8  days.

9      4.    By this stipulation, defendant moves to continue the trial

10 date to October 21, 2025, and the pre-trial conference date to

11 October 9, 2025.  This is the first request for a continuance.

12     5.    Defendant requests the continuance based upon the following

13 facts, which the parties believe demonstrate good cause to support

14 the appropriate findings under the Speedy Trial Act:

15         a.    Defendant is charged with a violation of 18 U.S.C. §

16 111(a)(1):  Simple Assault of a Federal Officer, a Class A

17 Misdemeanor.  The government has produced discovery to the defense,

18 including bystander and surveillance videos of the incident and

19 records regarding defendant's criminal history.

20         b.    Defense counsel is presently scheduled to be in the

21 following trials and accordingly represents that she will not have

22 the time that she believes is necessary to prepare and be available

23 to try this case on the current trial date:

24             i.    a four week trial in People v. Kenneth Bell, Case

25 No. 25CMCF00970, on November 7, 2025;

26             ii.   a three to four week trial in People v.

27 Christopher Lam, Case No. SA107765, on January 8, 2026;

28

1          iii. a two day trial in United States v. Cortez-

2   Garcia, Case No. 2:25-CR-00478, on October 28, 2025;

3          iv.  a two to three week trial in United States v.

4   David Brown, Case no. 2:25-cr-00691-AB, on November 4, 2025;

5          v.   A seven to ten day trial in United States v.

6   Avila et al., Case No. 2:24-cr-00461-FMO-5, on November 18, 2025,

7   which defense counsel believes may be continued;

8          vi.  A multi-week trial in United States v. Jamarillo

9   et al., Case No. 2:23-cr-00411, on March 10, 2026,

10         vii. A one week trial in United States v. Nathaniel

11  McGuire; Case No. 2:24-cr-629-TJH, on April 7, 2026; prior

12  continuances

13         c.   In light of the foregoing, counsel for defendant also

14  represents that additional time is necessary to confer with

15  defendant, conduct and complete an independent investigation of the

16  case, conduct and complete additional legal research including for

17  potential pre-trial motions, review the discovery and potential

18  evidence in the case, and prepare for trial in the event that a

19  pretrial resolution does not occur.  Defense counsel represents that

20  failure to grant the continuance would deny her reasonable time

21  necessary for effective preparation, taking into account the exercise

22  of due diligence.

23         d.   Defendant believes that failure to grant the

24  continuance will deny him continuity of counsel and adequate

25  representation.

26         e.   The government does not object to the continuance.

27         f.   The requested continuance is not based on congestion

28  of the Court's calendar, lack of diligent preparation on the part of

1  the attorney for the government or the defense, or failure on the

2  part of the attorney for the Government to obtain available

3  witnesses.

4      6.    For purposes of computing the date under the Speedy Trial

5  Act by which defendant's trial must commence, the parties agree that

6  the time period of October 7, 2025, to October 21, 2025, inclusive,

7  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

8  (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a

9  continuance granted by the Court at defendant's request, without

10  government objection, on the basis of the Court's finding that: (i)

11  the ends of justice served by the continuance outweigh the best

12  interest of the public and defendant in a speedy trial; (ii) failure

13  to grant the continuance would be likely to make a continuation of

14  the proceeding impossible, or result in a miscarriage of justice; and

15  (iii) failure to grant the continuance would unreasonably deny

16  defendant continuity of counsel and would deny defense counsel the

17  reasonable time necessary for effective preparation, taking into

18  account the exercise of due diligence.

19  //

20  //

21

22

23

24

25

26

27

28

1    7.    Nothing in this stipulation shall preclude a finding that

2  other provisions of the Speedy Trial Act dictate that additional time

3  periods be excluded from the period within which trial must commence.

4  Moreover, the same provisions and/or other provisions of the Speedy

5  Trial Act may in the future authorize the exclusion of additional

6  time periods from the period within which trial must commence.

7      IT IS SO STIPULATED.

8   Dated: September 22, 2025        Respectfully submitted,

9                                   BILAL A. ESSAYLI
                                    Acting United States Attorney

10
                                    JOSEPH T. MCNALLY
11                                  Assistant United States Attorney
                                    Acting Chief, Criminal Division

12

13                                  _____/s/_____
                                    ROBERT K. QUEALY
14                                  Special Assistant United States
                                    Attorney

15
                                    JOSHUA J. LEE
16                                  Assistant United States Attorney

17                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28

1    I am Jonathon Redondo-Rosales's attorney.  I have carefully

2  discussed every part of this stipulation and the continuance of the

3  trial date with my client. I have fully informed my client of his

4  Speedy Trial rights.  To my knowledge, my client understands those

5  rights and agrees to waive them.  I believe that my client's decision

6  to give up the right to be brought to trial earlier than October 21,

7  2025, is an informed and voluntary one.

8

9  _____          Date ___9/22/25___

   KATHERINE MCBROOM
   Attorney for Defendant
10 Jonathon Redondo-Rosales

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than October 21, 2025.

16

17 _____          Date ___9/22/25___

   JONATHON REDONDO-ROSALES
   Defendant
18

19

20

21

22

23

24

25

26

27

28