TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6874
     Facsimile: (213) 894-0141
     E-mail:    Robert.Quealy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-00679-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY (DKT. 53) |
| v. | |
| JONATHON REDONDO-ROSALES, | Hearing Date: January 23, 2026 |
| Defendant. | Hearing Time: 8:30 a.m.<br>Location:    Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K. Quealy, hereby files this opposition to defendant's motion to compel discovery.

//

//

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

1    This opposition is based upon the attached memorandum of points
2    and authorities, the files and records in this case, and such further
3    evidence and argument as the Court may permit.

4    Dated: January 16, 2026                Respectfully submitted,

                                            TODD BLANCHE
                                            Deputy Attorney General

                                            BILAL A. ESSAYLI
                                            First Assistant United States
                                            Attorney

                                            ALEXANDER B. SCHWAB
                                            Assistant United States Attorney
                                            Acting Chief, Criminal Division

                                                  /s/
                                            ROBERT K. QUEALY
                                            Special Assistant United States
                                            Attorney

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Defendant JONATHON REDONDO-ROSALES ("defendant") seeks information he is not entitled to.  On January 9, 2026, defendant filed a motion to compel seeking the "complete personnel records, complaints for excessive force and/or false reporting, and disciplinary actions suffered for excessive force and/or false reporting for" three Federal Protective Service ("FPS") officers.  (Dkt. 53 at 5.)  Defendant has further moved to compel the production of "the number of Officer Use of Force reports" filed by the officers since January 2025.  (Id.)  Finally, defendant seeks the "identities of the individuals at the USAO to whom Inspector Z.C. made misrepresentations about his criminal history as well as discovery related to his misrepresentations to FPS in the course of this investigation and in order to secure employment with FPS."  (Dkt. 53 at 5-6.)

Defendant's request is overbroad.  The government is aware of its discovery obligations, including those under Brady, Giglio, Rule 16, and Henthorn.  The government anticipates disclosing potential Henthorn information regarding the government's anticipated witness to defendant in a letter after the issuance of a protective order.[1]  Defendant's requests for personnel files, complaints, and use of force reports dating one year, and the identities of government counsel during an interview with Z.C. do not constitute discoverable material.  Defendant's motion should be denied.

---

[1] Government counsel was able to contact defense counsel on January 13, 2026, to orally disclose the anticipated contents.

## II. STATEMENT OF RELEVANT FACTS

On August 2, 2025, defendant forcibly assaulted Federal Protective Service ("FPS") Inspector Z.C. by intentionally striking at and hitting Z.C.'s face. Specifically, on that date, defendant was present among a group of protestors at the Alameda Street Entrance to the Roybal Federal Building located on the 500 block of North Alameda Street in Los Angeles. As captured on surveillance cameras, defendant walked across North Alameda Street towards the Roybal building as a federal vehicle was leaving the building and driving onto the street. Defendant stepped in front of the federal vehicle and then intentionally collapsed on the hood of the car in an attempt to obstruct the federal officers. As Inspector Z.C., an FPS officer, and approximately two other FPS officers approached defendant to detain him for obstructing a government vehicle, defendant retreated and swatted his left hand towards Z.C.'s face when Z.C. attempted to detain him. At the time defendant swatted towards Z.C., he was holding a straw hat which hit Z.C. For this conduct, defendant has been charged in an information with Simple Assault of a Federal Officer, a Class A Misdemeanor, in violation 18 U.S.C. § 111(a)(1).

The incident was caught on video, which the government intends to admit in its case-in-chief. The government currently intends to call one percipient witness in its case-in-chief: FPS Inspector Murberg. The government has provided approximately 237 pages of discovery to include videos of the incident, law enforcement witness statements, recorded interviews, use of force reports from the incident, other law enforcement records, and records related to defendant's criminal history. Furthermore, the government is in the

2

process of continuing to comply with its Henthorn/Giglio obligations and has sent a proposed stipulation for a protective order to that end.

**III. LEGAL STANDARD**

    **A.    General Discovery Principles**

"There is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). There are three sources of the government's discovery obligations in a criminal case. First, Rule 16 of the Federal Rules of Criminal Procedure establishes guidelines for pretrial production by the government, as well as reciprocal discovery by the defendant, of certain limited material, including items "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Second, under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), the government must turn over to the defense evidence in its possession that is favorable to the defense or that may be used by the defense for impeachment purposes. Third, under 18 U.S.C. § 3500 (Jencks Act) and Federal Rule of Criminal Procedure 26.2, both parties must disclose statements by a witness that relate to the subject matter of the witness's testimony are required to be disclosed to the defense after the witness has testified.

Simply put, a defendant's request for additional discovery must be grounded in one of these sources. Absent such grounding, a defendant's requests become nothing more than an overbroad "far reaching fishing expedition." See United States v. Chon, 210 F.3d 990, 994-95 (9th Cir. 2000); see also United States v. Bagley, 473 U.S. 667, 675 (1985); United States v. Agurs, 427 U.S. 97, 106 (1976)

3

("there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor").

### B. The Materiality Requirement

To obtain discovery under Brady, a defendant must make a prima facie showing of materiality. This "requires a presentation of facts which would tend to show that the [g]overnment is in possession of information helpful to the defense." United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010). "A general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of [Rule 16(a)(1)(E)(i)]." United States v. Cadet, 727 F.2d 1453, 1468 (9th Cir. 1984) (quoting United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970) (defendant's discovery request that sought documents the government did not intend to use at trial was too far ranging and potentially burdensome)); see also United States v. Muniz-Jaquez, 718 F.3d 1180, 1183 (9th Cir. 2013) ("General descriptions of information sought and conclusory allegations of materiality are insufficient.").

The Ninth Circuit has held that requests for discovery—whether they are rooted in Brady/Giglio or Rule 16—require justification beyond "mere speculation about materials in the government's files[.]" United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986) (cleaned up). Defendant must show that the information sought "might affect the outcome of the trial." Id. (cleaned up). The government's disclosure obligations under Brady and Giglio apply only to evidence that is both material and favorable to the defense. United States v. Ruiz, 536 U.S. 622, 629 (2002) (noting that "the Constitution does not require the prosecutor to share all useful information with the defendant").

4

**IV. ARGUMENT**

    **A.   Defendant's Request is Either Limited to Impeachment Evidence or Fails to Articulate How the Requested Items Are Material**

Defendant is seeking seven separate categories of information. (Dkt. 53 at 1.)  The first six categories are properly characterized as impeachment evidence, and in fact, defendant's arguments in support of his motion are solely focused on the impeachment value of the information sought.  These categories are addressed below.  As to the seventh category sought, the number of use of force reports filed by each identified FPS Officer, defendant fails to articulate how such information is material to the defense.  While the defendant has stated that he intends to present a theory of excessive force and self-defense, defendant has not established how previous use of force reports would have any bearing on the force used during the incident at issue or would even be admissible at trial.[2]

    **B.   The Government Will Comply With its Duty to Disclose Impeachment Information Under *Henthorn* and *Giglio***

Here, it should be noted that the government has complied and will continue to comply with its discovery obligations.  That commitment should moot many of the requests contained in Defendant's Motion.  See, e.g., United States v. Zemlyansky, 945 F. Supp. 2d 438, 484 (S.D.N.Y. 2013) (denying motion to compel Rule 16, Brady, and Giglio material where the government "represented that it will turn over any" such material before trial).  Even if not moot, ordering disclosure of these materials now is premature.  Impeachment or

---

[2] At best, this appears to be leading to a propensity argument that is foreclosed by Federal Rule of Evidence 404.

5

Brady/Giglio evidence must be turned over in time for use at trial. United States v. Nixon, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); United States v. Coppa, 267 F.3d 132, 136, 146 (2d Cir. 2001) ("As a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."); United States v. Fernandez, 231 F.3d 1240, 1248 (9th Cir. 2000) ("Brady merely requires the government to turn over the evidence in time for it to be of use at trial." (emphasis in original)).

The six categories of impeachment evidence flagged by defendant then are only relevant to the impeachment of testifying witnesses. Should an individual identified by the defendant not take the stand, then impeachment is not at issue. See United States v. Taghipour, 964 F.2d 908, 910-11 (9th Cir. 1992) (rejecting argument that the district court abused its discretion by not ordering discovery of tapes defendant sought in order to prepare cross examination of a witness who the government did not call, because the witness's "credibility was not in issue").  At this time, the government has identified FPS Inspector Murberg as its sole witness.  However, the government will comply with its obligations to produce impeachment information about any and all additional witnesses who are called by the government to testify at trial.

Defendant argues in part that the government is skirting its discovery obligations by electing not to call certain witnesses. (Dkt. 53 at 9).  The government is free to choose which witnesses to call at trial and what evidence to put on in its case-in-chief. While defendant claims the information sought is material for

6

impeachment purposes, a party may not call a witness solely for the purpose of impeachment. United States v. Giles, 246 F.3d 966, 974 (7th Cir. 2001); cf. United States v. Gomez-Gallardo, 915 F.2d 553, 555 (9th Cir. 1990).

### C. Defendant's Request is Overbroad and Includes Non-Discoverable Materials

Defendant's request for complete personnel files and investigatory information is overbroad. Tellingly, the request is expressly limited to materials that are properly characterized as evidence required to be disclosed under Henthorn. For example, defendant is already aware of Z.C.'s purported criminal history (and the process through which the government learned about it) because it was disclosed in connection with an unrelated criminal proceeding. (Dkt. 53 at 6.) The government is unclear as to what, specifically, defendant is requesting in reference to the "complete personnel files" as related to this information or how it is discoverable.

Furthermore, defendant requests the names of individuals at the USAO who Z.C. purportedly "made misrepresentations" to under the claim that such individuals are potential impeachment witnesses of Z.C. None of this is discoverable information. First, the government does not intend to call Z.C. in its case-in-chief and maintains that defendant may not call a witness solely for the purpose of impeaching him. Until Z.C. testifies, his credibility is not at issue. Second, should Z.C. testify, defendant already possesses the information defendant would need to impeach Z.C. as to his background and any purported misrepresentations he may have made about it. Defendant should not be permitted to go on a fishing expedition for potential witnesses to a collateral issue not relevant

7

to this specific case.  Because defendant cannot explain the relevance or admissibility of the specific identities of individuals at the USAO who may have joined the case agent for a pretrial interview of Z.C. in another case, this information cannot rise to the level of materiality necessary to comprise Brady information. See United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986). Because defendant's requests are overbroad, lack materiality, and are speculative at best as to relevance, this Court should deny defendant's motion.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.

8

Certificate of Compliance

The undersigned, counsel of record for the United States, certifies that this brief contains 1,994 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 16, 2026       Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

           /s/
ROBERT K. QUEALY
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA