Katherine McBroom, CBN 223559
McBroom Law, P.C.
242 26th Street, Unit C
Santa Monica, CA 90402
Telephone: (310) 893-5198
kmcbroom@mcbroomlegal.com

Attorney for Defendant
JONATHAN REDONDO-ROSALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN REDONDO-<br>ROSALES<br><br>Defendant. | CASE NO. CR 25-679-JLS<br><br>JONATHAN REDONDO-<br>ROSALES' REPLY IN SUPPORT<br>OF MOTION TO COMPEL<br>*BRADY* DISCOVERY<br><br>Hearing Date: January 23, 2026<br>Hearing Time: 8:30 a.m.<br>Trial Date: February 3, 2026<br>Location: Courtroom of the Hon.<br>Josephine L. Stanton |

Defendant Jonathan Redondo-Rosales ("Mr. Redondo-Rosales"), through his counsel of record, Katherine C. McBroom, hereby files his Reply in support of Motion to Compel *Brady* Discovery. (Dkt. 53).

I.    **INTRODCUTION**

On August 2, 2025, while attending a protest on Alameda Street, Department of Homeland Security ("DHS") Federal Protective Services ("FPS") Inspectors struck Mr. Redondo Rosales with a vehicle. Thereafter, they rushed at

1  and pushed Mr. Redondo-Rosales to the pavement, then tackled him a second
2  time slamming his head into the ground.  Thereafter, while officers pinned him
3  down, Mr. Redondo-Rosales was pepper sprayed in the face. Inspectors Z.C.,
4  Terpstra, and Murberg claim that Mr. Redondo-Rosales intentionally struck
5  Inspector Z.C. in the face thus justifying their use of excessive force in detaining
6  and arresting Mr. Redondo-Rosales.

7      The government has decided not to call the alleged victim, Inspector Z.C.,
8  as a trial witness presumably because he suffered a 2021 assault conviction which
9  he concealed from the United States Attorney's Office ("USAO") and the DHS.
10  Mr. Redondo-Rosales is nevertheless entitled to discovery concerning Inspector
11  Z.C. efforts to conceal his  criminal record as well as potentially exculpatory
12  materials contained in each of the Inspector's personnel files.  Evidence of a
13  pattern and practice of use of force by each of the Inspectors as well as any
14  misconduct bearing on their credibility bolster's Mr. Redondo-Rosales' defense
15  and is proper impeachment material.

16      The government argues Mr. Redond-Rosales is not entitled to these
17  materials because he has failed to make a prima facie showing of materiality and
18  because his request is overbroad.  The government is wrong. As the government
19  pointed out in its opposition, they are obligated under *Brady v. Maryland*, 373
20  U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) to disclose
21  evidence in their possession that is favorable to the defense *or* that may be used
22  by the defense for impeachment purposes. Mr. Redondo-Rosales' request for
23  discovery is narrowly tailored to material bearing on the Inspector's credibility
24  and any pattern and practice of false reporting and use of excessive force.

25  **II.    ARGUMENT**

26      **A.  Mr. Redondo-Rosales Has Demonstrated the Materiality of the**
27          **Discovery Sought**

28

1    Front and center in this case is whether the FPS Inspectors were acting
2   lawfully when pursuing and detaining Mr. Redondo-Rosales and whether the
3   assault allegations against Mr. Redondo-Rosales were manufactured in order to
4   justify the use of excessive force. Mr. Redondo-Rosales is entitled to learn
5   whether any of the Inspectors have been investigated or disciplined for acts of
6   dishonestly including false reporting and use of excessive force. Such
7   information would be helpful to the defense as it supports the theory that the
8   Inspectors are alleging assault to justify their own misconduct and would reflect
9   poorly on their credibility.
10   Rule 16 "grants criminal defendants a broad right to discovery." *United*
11   *States v. Muniz-Jaquez*, 718 F.3d 1180, 1183-84 (9th Cir. 2013) (quoting *United*
12   *States v. Stevers*, 603 F.3d 747, 752 (9th Cir. 2010).  The "materiality"
13   requirement is satisfied by a presentation of facts which would tend to show that
14   the government is in possession of information helpful to the defense. *Muniz-*
15   *Jaquez*, 718 F.3d  at 1183-84. Rule 16 permits discovery that is "relevant to the
16   development of a possible defense." *Id.* (quoting, *United States v. Mandel*, 914
17   F.2d 1215, 1219 (9th Cir.1990)).
18   The Supreme Court has explained that a criminal defendant may compel
19   disclosure or *in camera* review of some materials if he or she "establish[es] a
20   basis," "some plausible showing," "for his claim that [something undisclosed]
21   contains material evidence." *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15,
22   (1987) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867(1982)).
23   This standard does not specifically require "a particularized showing of what
24   information" is sought for the simple reason that before disclosure a defendant
25   likely will not know the content of an undisclosed item. *Id.*
26   Courts differ as to the required showing in order to trigger production under
27   Rule 16(a)(1)(E)(i). *See United States v. Conder*, 423 F.2d 904, 910 (6th Cir.
28   1970); *United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975), *Muniz-*

*Jaquez*, *supra*, 718 F.3d at 1183. Whatever showing is required, it appears to be less onerous than the showing contemplated by *Ritchie* because Rule 16's materiality bar differs from that applicable to *Brady.* "[M]aterial to preparing the defense" may not necessarily be "material either to guilt or to punishment." *See Muniz-Jaquez*, 718 F.3d at 1183 (concluding that Rule 16 is "broader than *Brady*" because "[i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense").

Here, the information sought bears on the credibility of law enforcement officers who Mr. Redondo-Rosales contends are mispresenting the circumstances of his detention and arrest. Regardless of whether the information is proper impeachment, the information sought is certainly helpful to the defense's theory. Mr. Redondo-Rosales has met the very low threshold of establishing the materiality of the discovery requested.

**B. <u>Mr. Redondo-Rosales Is Entitled to Discover Impeachment Material Regardless of Which Party Intends to Call the Witness at Trial</u>**

The government argues that the defense solely seeks information concerning the Inspectors' prior misconduct to impeach witnesses the government does not intend to call at trial. A criminal defendant, however, may impeach his or her own witness if the testimony is contrary to the evidence and injurious to the defendant's case. Under Rule of Evidence 607, a party may impeach his or her own witness so long as impeachment is not used as a method to introduce otherwise inadmissible evidence. *See   U.S. v. Scarbrough*, 470 F.2d 166, 168 (9th Cir. 1972) (party can properly impeach own witness by use of out of court statements where the testimony is contrary to that anticipated and where the testimony is harmful to that party's case); *U.S. v. Dixon*, 547 F.2d 1079, 1084 (9th Cir. 1976) (error to exclude informer's prior convictions for impeachment purposes, even though defendants were calling him as a witness). In *Dixon*, the Court stated that the defense strategy in calling an informer as a witness likely

1    went beyond impeachment, but rather the testimony would "support various

2    defense theories." *Id.* The Court determined that because the witness made

3    statements that further incriminated defendants, the defense should have been

4    permitted to impeach that witness with prior convictions. *Id.*

5         The defense understands that it may not call law enforcement officers for

6    the sole purpose of attempting to admit their prior misconduct. The defense can

7    however call law enforcement witnesses to, among other things, demonstrate how

8    the allegations underlying this case are in no way supported by eyewitness and

9    video evidence. Further, if these witnesses provide unanticipated testimony that is

10    harmful to Mr. Redondo-Rosales' case, the defense may absolutely impeach

11    those witnesses.

12    ### C. Mr. Redondo-Rosales' Discovery Request is Narrowly Tailored

13         The government argues in conclusory fashion and without authority, that

14    Mr. Redondo-Rosales' requests are overbroad and that the items sought are

15    undiscoverable. The government takes particular issue with the defense's request

16    for information related to Z.C.'s concealment of his 2021 assault conviction from

17    not only the USAO's office but also the DHS PFS. Whether Inspector Z.C.

18    mispresented his criminal history to DHS bears directly on his credibility. And as

19    set forth above, should Inspector Z.C. provide unanticipated and harmful

20    testimony to the defense, under Rule 607, the defense is absolutely entitled to

21    impeach him despite having called him as a witness.

22    ## IV. CONCLUSION

23         For the foregoing reasons, the defense respectfully requests that the Court

24    grant Mr. Redondo-Rosales' Motino to Compel *Brady* Discovery.

25    DATED: January 20, 2026      *Katherine McBroom*

26                                Katherine McBroom

27                                Attorney for JONATHAN
                               REDONDO-ROSALES

28