TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
Special Assistant United States Attorney
Major Frauds Section
THI H. HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6874 / 0596
        Facsimile: (213) 894-0141
        E-mail:   Robert.Quealy@usdoj.gov
                  Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>                v.<br><br>JONATHON REDONDO-ROSALES,<br><br>          Defendant. | No. 2:25-CR-679-CV<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Trial Date: February 3, 2026<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the Hon.<br>            Cynthia Valenzuela |

        Plaintiff United States of America, by and through its counsel
of record, the First Assistant United States Attorney for the
Central District of California and Special Assistant United States
Attorney Robert K. Quealy and Assistant United States Attorney Thi
Hoang Ho, and defendant JONATHON REDONDO-ROSALES ("defendant"), by
and through his counsel of record Kacey McBroom, hereby submit their

---

[1] Authorized to Practice Pursuant to Local Rule 83-2.1.4.2

1

Joint Proposed Jury Instructions in the above-captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent version (as of December 22, 2025) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: January 26, 2026          Respectfully submitted,

                                 TODD BLANCHE
                                 Deputy Attorney General

                                 BILAL A. ESSAYLI
                                 First Assistant United States
                                 Attorney

                                 ALEXANDER B. SCHWAB
                                 Assistant United States Attorney
                                 Acting Chief, Criminal Division


                                 _____/s/_____
                                 ROBERT K. QUEALY
                                 Special Assistant United States
                                 Attorney

                                 THI HOANG HO
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA



Dated: January 26, 2026          _____/s/_____
                                 KACEY MCBROOM
                                 Attorney for Defendant
                                 JONATHON REDONDO-ROSALES

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 1 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 2 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 3 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 4 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 5 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 6 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 7 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 9 |
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 12 |

i

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 13 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 14 |
| 12 | | Questions to Witnesses by Jurors During Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.14 (2022 ed.) | 15 |
| 13 | | Bench Conferences And Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 16 |
| 14 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 17 |
| 15 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.) | 19 |
| 16 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 2.10 (2022 ed.) | 20 |
| 17 | | Evidence for Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) | 23 |
| 18 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2022 ed.) | 24 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 19 | | Character of Victim | Ninth Circuit Model Criminal Jury Instructions, No. 3.5 (2022 ed.) | 26 |
| 20 | | Impeachment Evidence -- Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) | 27 |
| 21 | | Untimely Disclosure of Exculpatory or Impeachment Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.20 (2022 ed.) | 28 |
| 22 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 30 |
| 23 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 31 |
| 24 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 32 |
| 25 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 33 |
| 26 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 34 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 27 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 35 |
| 28 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 36 |
| 29 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 37 |
| 30 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 39 |
| 31 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 40 |
| 32 | | Assault on a Federal Officer or Employee | Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) | 41 |
| 33 | | Official Duties Defined | Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) (comment) (quoting United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018)) | 42 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 34 | | Assault on Federal Officer or Employee—Defenses<br><br>[IF APPLICABLE] | Ninth Circuit Model Criminal Jury Instructions, Nos. 8.3 (2022 ed.) (Self-Defense) (modified consistent with Comment to Model Instruction) | 43 |
| 35 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 45 |
| 36 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 47 |
| 37 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 49 |
| 38 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 50 |
| 39 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 51 |
| 40 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 52 |

1                    COURT'S INSTRUCTION NO. _____

2                  JOINT PROPOSED INSTRUCTION NO. 1

3        Jurors:  You now are the jury in this case, and I want to take

4    a few minutes to tell you something about your duties as jurors and

5    to give you some preliminary instructions.  At the end of the trial

6    I will give you more detailed [written] instructions that will

7    control your deliberations.

8        When you deliberate, it will be your duty to weigh and to

9    evaluate all the evidence received in the case and, in that process,

10   to decide the facts.  To the facts as you find them, you will apply

11   the law as I give it to you, whether you agree with the law or not.

12   You must decide the case solely on the evidence and the law before

13   you.

14       Perform these duties fairly and impartially.  You should not be

15   influenced by any person's race, color, religious beliefs, national

16   ancestry, sexual orientation, gender identity, gender, or economic

17   circumstances.  Also, do not allow yourself to be influenced by

18   personal likes or dislikes, sympathy, prejudice, fear, public

19   opinion, or biases, including unconscious biases.  Unconscious

20   biases are stereotypes, attitudes, or preferences that people may

21   consciously reject but may be expressed without conscious awareness,

22   control, or intention.  Like conscious bias, unconscious bias can

23   affect how we evaluate information and make decisions.

24

25

26

27   Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.)

28   [Duty of Jury]

                                   1

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges the defendant with simple assault on a federal officer or employee, in violation of Title 18, United States Code, Section 111(a)(1).  The charges against the defendant are contained in the information.  The information simply describes the charge the government brings against the defendant. The information is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The Charge -- Presumption of Innocence] (modified to reflect information)

2

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 3

3      The evidence you are to consider in deciding what the facts are

4  consists of:

5      (1) the sworn testimony of any witness;

6      (2) the exhibits which are received in evidence; and

7      (3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.)

[What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)   statements and arguments of the attorneys;

(2)   questions and objections of the attorneys;

(3)   testimony that I instruct you to disregard; and

(4)   anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.)

[What Is Not Evidence]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

[Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

//
//
//

1    The weight of the evidence as to a fact does not necessarily

2 depend on the number of witnesses who testify about it.  What is

3 important is how believable the witnesses are, and how much weight

4 you think their testimony deserves.

27 Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)

28 [Credibility of Witnesses]

8

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to

discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken

1  an oath to follow the rules, and it is very important that you

2  follow these rules.

3       A juror who violates these restrictions jeopardizes the

4  fairness of these proceedings, and a mistrial could result that

5  would require the entire trial process to start over.  If any juror

6  is exposed to any outside information, please notify the court

7  immediately.

27  Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)

28  [Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.)

[Taking Notes]

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 11

3       The next phase of the trial will now begin.  First, each side

4  may make an opening statement.  An opening statement is not

5  evidence.  It is simply an outline to help you understand what that

6  party expects the evidence will show.  A party is not required to

7  make an opening statement.

8       The government will then present evidence and counsel for the

9  defendant may cross examine.  Then, if the defendant chooses to

10  offer evidence, counsel for the government may cross examine.

11      After the evidence has been presented, I will instruct you on

12  the law that applies to the case and the attorneys will make closing

13  arguments.

14      After that, you will go to the jury room to deliberate on your

15  verdict.

27  Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.)

28  [Outline of Trial]

14

1       COURT'S INSTRUCTION NO. _____

2       JOINT PROPOSED INSTRUCTION NO. 12

3       Only the lawyers and I are allowed to ask questions of

4  witnesses.  A juror is not permitted to ask questions of witnesses.

5  [Specific reasons for not allowing jurors to ask questions may be

6  explained.]  If, however, you are unable to hear a witness or a

7  lawyer, please raise your hand and I will correct the situation.

27  Ninth Circuit Model Criminal Jury Instructions, No. 1.14 (2022 ed.)

28  [Questions to Witnesses by Jurors During Trial]

15

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 13

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.)
[Bench Conferences and Recesses]

1     COURT'S INSTRUCTION NO. _____

2    JOINT PROPOSED INSTRUCTION NO. 14

3  <u>At the End of Each Day of the Case</u>:

4   As I indicated before this trial started, you as jurors will

5 decide this case based solely on the evidence presented in this

6 courtroom.  This means that, after you leave here for the night, you

7 must not conduct any independent research about this case, the

8 matters in the case, the legal issues in the case, or the

9 individuals or other entities involved in the case.  This is

10 important for the same reasons that jurors have long been instructed

11 to limit their exposure to traditional forms of media information

12 such as television and newspapers.  You also must not communicate

13 with anyone, in any way, about this case.  And you must ignore any

14 information about the case that you might see while browsing the

15 internet or your social media feeds.

16

17  <u>At the Beginning of Each Day of the Case</u>:

18   As I reminded you yesterday and continue to emphasize to you

19 today, it is important that you decide this case based solely on the

20 evidence and the law presented here.  So you must not learn any

21 additional information about the case from sources outside the

22 courtroom.  To ensure fairness to all parties in this trial, I will

23 now ask each of you whether you have learned about or shared any

24 information about this case outside of this courtroom, even if it

25 was accidental.

26

27  [ALTERNATIVE 1 (in open court): if you think that you might

28 have done so, please let me know now by raising your hand. [Wait for

17

1  a show of hands].  I see no raised hands; however, if you would

2  prefer to talk to the court privately in response to this question,

3  please notify a member of the court's staff at the next break.

4  Thank you for your careful adherence to my instructions.]

5

6      [ALTERNATIVE 2 (during voir dire with each juror,

7  individually): Have you learned about or shared any information

8  about this case outside of this courtroom? . . . Thank you for your

9  careful adherence to my instructions.]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.)

28  [Cautionary Instruction]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 15

3     You [are about to [hear] [watch]] [have [heard] [watched]] a

4  recording that has been received in evidence. [Please listen to it

5  very carefully.] Each of you [has been] [was] given a transcript of

6  the recording to help you identify speakers and as a guide to help

7  you listen to the recording. However, bear in mind that the

8  recording is the evidence, not the transcript. If you [hear][heard]

9  something different from what [appears][appeared] in the transcript,

10 what you [hear][heard] is controlling. [[After] [Now that] the

11 recording has been played, the transcript will be taken from you.]

27 Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.)

28 [Transcript of Recording in English]

1              COURT'S INSTRUCTION NO. _____

2              JOINT PROPOSED INSTRUCTION NO. 16

3      You [[are about to hear] [have heard] testimony] [[are about to

4  see] [have seen] evidence] [are about to see evidence] that the

5  defendant [summarize other act evidence].  This evidence of other

6  acts [was] [will be] admitted only for [a] limited purpose[s].  You

7  may consider this evidence only for the purpose of deciding whether

8  the defendant:

9      [had the state of mind, knowledge, or intent necessary to

10  commit the crime charged in the information;]

11      or

12      [had a motive or the opportunity to commit the acts charged in

13  the information;]

14      or

15      [was preparing or planning to commit the acts charged in the

16  information;]

17      or

18      [acted with a method of operation as evidenced by a unique

19  pattern [describe pattern];]

20      or

21      [did not commit the acts for which the defendant is on trial by

22  accident or mistake;]

23      or

24      [is the person who committed the crime charged in the

25  information.  You may consider this evidence to help you decide

26  [describe how the evidence will be used to prove identity];]

27      or

28

1      [describe other purpose for which other act evidence was

2  admitted.]

3      Do not consider this evidence for any other purpose.

4      Of course, it is for you to determine whether you believe this

5  evidence and, if you do believe it, whether you accept it for the

6  purpose offered.  You may give it such weight as you feel it

7  deserves, but only for the limited purpose that I described to you.

8      The defendant is not on trial for committing these other acts.

9  You may not consider the evidence of these other acts as a

10  substitute for proof that the defendant committed the crimes

11  charged.  You may not consider this evidence as proof that the

12  defendant has a bad character or any propensity to commit crimes.

13  Specifically, you may not use this evidence to conclude that because

14  the defendant may have committed the other acts, he must also have

15  committed the acts charged in the information.

16      Remember that the defendant is on trial here only for simple

17  assault on a federal officer or employee, not for these other acts.

18  Do not return a guilty verdict unless the government proves the

19  crime charged in the information beyond a reasonable doubt.

20

21

22

23

24

25

26

27  Ninth Circuit Model Criminal Jury Instructions, No. 2.10 (2022 ed.)

28  [Other Crimes, Wrongs or Acts of Defendant]

STATEMENT AS TO JOINT PROPOSED INSTRUCTION NO. 16

Defendant objects to the inclusion of Instruction No. 16 for the reasons set forth in his Opposition to the Government's Motion in Limine #1 to Admit Evidence Under Fed. R. Evid. 404 and 609 ("Motion"). See Dkt. 39. The government requests the inclusion of the instruction for the reasons set forth in its Motion (Dkt. 32).

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.)
[Evidence for Limited Purpose]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

[**IF APPLICABLE**]

You have heard evidence that a defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2022 ed.) [Other Crimes, Wrongs or Acts of Defendant]

STATEMENT AS TO JOINT PROPOSED INSTRUCTION NO. 18

Defendant objects to the inclusion of Instruction No. 18 for the reasons set forth in his Opposition to the Government's Motion in Limine #1 to Admit Evidence Under Fed. R. Evid. 404 and 609 ("Motion"). <u>See</u> Dkt. 39. The government requests the inclusion of the instruction for the reasons set forth in its Motion (Dkt. 32).

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

[**IF APPLICABLE**]

You have heard evidence of specific instances of the victim's character for [specify character trait].  You may consider this evidence in determining whether the victim acted in conformance with that character trait at the time of the offense charged against the defendant in this case.  In deciding this case, you should consider the victim's character evidence together with and in the same manner as all the other evidence in this case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.5 (2022 ed.) [Character of Victim]

26

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

[**IF APPLICABLE**]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) [Impeachment Evidence]

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 21

3     A trial court has discretion in shaping the remedies for

4 violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v.*

5 *United States*, 405 U.S. 150 (1972).  For example, in *United States*

6 *v. Garrison*, 888 F.3d 1057, 1061 (9th Cir. 2018), "the government

7 made grave mistakes in its prosecution of the case by repeatedly

8 failing to timely disclose information to the defense."  Rather than

9 dismiss the case, the district court instructed the jury that "the

10 government's failure to timely comply with its constitutional

11 obligations . . . could lead the jury to find reasonable doubt" as

12 to guilt.  The Ninth Circuit held that there was no error.  *Id*. at

13 1066.

27 Ninth Circuit Model Criminal Jury Instructions, No. 3.20 (2022 ed.)

28 [Untimely Disclosure of Exculpatory or Impeachment Evidence]

28

1          STATEMENT AS TO JOINT PROPOSED INSTRUCTION NO. 22

2          The government objects to the inclusion of Instruction No. 22

3    for the reasons set forth in its Opposition to Defendant's Motion to

4    Compel Brady Discovery ("Motion").   See Dkt. 58. Defendant requests

5    the inclusion of the instruction for the reasons set forth in

6    defendant's Motion (Dkt. 53).

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 22

3      Members of the jury, now that you have heard all the evidence,

4  it is my duty to instruct you on the law that applies to this case.

5  A copy of these instructions will be available in the jury room for

6  you to consult.

7      It is your duty to weigh and to evaluate all the evidence

8  received in the case and, in that process, to decide the facts.  It

9  is also your duty to apply the law as I give it to you to the facts

10  as you find them, whether you agree with the law or not.  You must

11  decide the case solely on the evidence and the law.  You will recall

12  that you took an oath promising to do so at the beginning of the

13  case.  You should also not be influenced by any person's race,

14  color, religious beliefs, national ancestry, sexual orientation,

15  gender identity, gender, or economic circumstances.  Also, do not

16  allow yourself to be influenced by personal likes or dislikes,

17  sympathy, prejudice, fear, public opinion, or biases, including

18  unconscious biases.  Unconscious biases are stereotypes, attitudes,

19  or preferences that people may consciously reject but may be

20  expressed without conscious awareness, control, or intention.

21      You must follow all these instructions and not single out some

22  and ignore others; they are all important.  Please do not read into

23  these instructions, or into anything I may have said or done, any

24  suggestion as to what verdict you should return -- that is a matter

25  entirely up to you.

26

27  Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.)

28  [Duties of the Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

The information is not evidence.  The defendant has pleaded not guilty to each of the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence –– Presumption of Innocence  –– Burden of Proof]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

1

COURT'S INSTRUCTION NO. _____

2

JOINT PROPOSED INSTRUCTION NO. 25

3    Proof beyond a reasonable doubt is proof that leaves you firmly

4  convinced the defendant is guilty.  It is not required that the

5  government prove guilt beyond all possible doubt.

6    A reasonable doubt is a doubt based upon reason and common

7  sense and is not based purely on speculation.  It may arise from a

8  careful and impartial consideration of all the evidence, or from

9  lack of evidence.

10    If after a careful and impartial consideration of all the

11  evidence, you are not convinced beyond a reasonable doubt that the

12  defendant is guilty, it is your duty to find the defendant not

13  guilty.  On the other hand, if after a careful and impartial

14  consideration of all the evidence, you are convinced beyond a

15  reasonable doubt that the defendant is guilty, it is your duty to

16  find the defendant guilty.

27  Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)

28  [Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.)

[What Is Evidence]

34

1        COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 27

3        In reaching your verdict you may consider only the testimony

4    and exhibits received in evidence.  The following things are not

5    evidence and you may not consider them in deciding what the facts

6    are:

7        1.  Questions, statements, objections, and arguments by the

8    lawyers are not evidence.  The lawyers are not witnesses.  Although

9    you must consider a lawyer's questions to understand the answers of

10   a witness, the lawyer's questions are not evidence.  Similarly, what

11   the lawyers have said in their opening statements, closing

12   arguments, and at other times is intended to help you interpret the

13   evidence, but it is not evidence.  If the facts as you remember them

14   differ from the way the lawyers state them, your memory of them

15   controls.

16       2.  Any testimony that I have excluded, stricken, or instructed

17   you to disregard is not evidence.  [In addition, some evidence was

18   received only for a limited purpose; when I have instructed you to

19   consider certain evidence in a limited way, you must do so.]

20       3.  Anything you may have seen or heard when the court was not

21   in session is not evidence.  You are to decide the case solely on

22   the evidence received at the trial.

23

24

25

26

27   Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.)

28   [What Is Not Evidence]

35

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.)

[Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

//

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

You are here only to determine whether the defendant is guilty or not guilty of the charge in the information.  The defendant is not on trial for any conduct or offense not charged in the information.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) [Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

The information charges that the offenses alleged in the information were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the information, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.)

[On or About -- Defined]

40

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

Defendant Jonathon Redondo-Rosales is charged in the sole count of the information with simple assault on a federal officer or employee, in violation of Section 111(a), of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Z.C.; and

Second, the defendant did so while Z.C. was engaged in, or on account of his official duties.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) [Assault on Federal Officer or Employee].

41

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

The test for determining whether an officer is engaged in the performance in an official capacity in the performance of their duties is a question for you, the jury, to decide based on all the evidence presented in this case. *United States v. Ellsworth*, 647 F.2d 957 (9th Cir. 1981).

To determine whether the federal officer was engaged in the performance of "official duties" at the time of the alleged assault, you must consider whether the officer was acting within the scope of his employment. Specifically, an officer is engaged in the performance of official duties if his or her actions fall within his or her agency's overall mission, as opposed to engaging in a personal frolic of their own. *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018).

Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) (comment) (quoting United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018)); United States v. Ellsworth, 647 F.2d 957 (9th Cir. 1981)

42

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

**[IF APPLICABLE]**

The defendant asserts that he acted in self-defense.  It is a defense to the charge if (1) the defendant did not know that Z.C. was a federal officer or employee, (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that Z.C. was a federal officer or employee or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.

Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.) [Assault on Federal Officer or Employee--Defenses]

43

1           STATEMENT AS TO JOINT PROPOSED INSTRUCTION NO. 34

2       The government objects to the inclusion of Instruction No. 34

3   for the reasons set forth in its Motion in Limine #2 to Preclude

4   Self-Defense Arguments ("Motion").  Dkt. 33. Defendant requests the

5   inclusion of the instruction for the reasons set forth in his

6   Opposition to the Motion (Dkt. 40).

1                  COURT'S INSTRUCTION NO. _____

2           JOINT PROPOSED INSTRUCTION NO. 35

3      When you begin your deliberations, elect one member of the jury

4 as your foreperson who will preside over the deliberations and speak

5 for you here in court.

6      You will then discuss the case with your fellow jurors to reach

7 agreement if you can do so.  Your verdict, whether guilty or not

8 guilty, must be unanimous.

9      Each of you must decide the case for yourself, but you should

10 do so only after you have considered all the evidence, discussed it

11 fully with the other jurors, and listened to the views of your

12 fellow jurors.

13      Do not be afraid to change your opinion if the discussion

14 persuades you that you should. But do not come to a decision simply

15 because other jurors think it is right.

16      It is important that you attempt to reach a unanimous verdict

17 but, of course, only if each of you can do so after having made your

18 own conscientious decision.  Do not change an honest belief about

19 the weight and effect of the evidence simply to reach a verdict.

20      Perform these duties fairly and impartially.  You should also

21 not be influenced by any person's race, color, religious beliefs,

22 national ancestry, sexual orientation, gender identity, gender, or

23 economic circumstances.  Also, do not allow yourself to be

24 influenced by personal likes or dislikes, sympathy, prejudice, fear,

25 public opinion, or biases, including unconscious biases.

26 Unconscious biases are stereotypes, attitudes, or preferences that

27 people may consciously reject but may be expressed without conscious

28 awareness, control, or intention.

45

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)

[Duty to Deliberate]

1

2                    COURT'S INSTRUCTION NO. _____

3              JOINT PROPOSED INSTRUCTION NO. 36

4        Because you must base your verdict only on the evidence

5    received in the case and on these instructions, I remind you that

6    you must not be exposed to any other information about the case or

7    to the issues it involves.  Except for discussing the case with your

8    fellow jurors during your deliberations:

9        Do not communicate with anyone in any way and do not let anyone

10   else communicate with you in any way about the merits of the case or

11   anything to do with it.  This restriction includes discussing the

12   case in person, in writing, by phone, tablet, computer, or any other

13   means, via email, text messaging, or any Internet chat room, blog,

14   website or any other forms of social media.  This restriction

15   applies to communicating with your family members, your employer,

16   the media or press, and the people involved in the trial.  If you

17   are asked or approached in any way about your jury service or

18   anything about this case, you must respond that you have been

19   ordered not to discuss the matter and to report the contact to the

20   court.

21       Do not read, watch, or listen to any news or media accounts or

22   commentary about the case or anything to do with it; do not do any

23   research, such as consulting dictionaries, searching the Internet or

24   using other reference materials; and do not make any investigation

25   or in any other way try to learn about the case on your own.

26       The law requires these restrictions to ensure the parties have

27   a fair trial based on the same evidence that each party has had an

28   opportunity to address.  A juror who violates these restrictions

47

1  jeopardizes the fairness of these proceedings, and a mistrial could

2  result that would require the entire trial process to start over. If

3  any juror is exposed to any outside information, please notify the

4  court immediately.

27  Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)

28  [Consideration of Evidence -- Conduct of the Jury]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 37

3     Some of you have taken notes during the trial.  Whether or not

4 you took notes, you should rely on your own memory of what was said.

5 Notes are only to assist your memory.  You should not be overly

6 influenced by your notes or those of your fellow jurors.

27 Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.)

28 [Use of Notes]

49

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.)

[Jury Consideration of Punishment]

50

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) [Verdict Form]

51

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 40

3      If it becomes necessary during your deliberations to

4  communicate with me, you may send a note through the clerk, signed

5  by any one or more of you.  No member of the jury should ever

6  attempt to communicate with me except by a signed writing, and I

7  will respond to the jury concerning the case only in writing or here

8  in open court.  If you send out a question, I will consult with the

9  lawyers before answering it, which may take some time.  You may

10 continue your deliberations while waiting for the answer to any

11 question.  Remember that you are not to tell anyone -- including me

12 -- how the jury stands, numerically or otherwise, on any question

13 submitted to you, including the question of the guilt of the

14 defendant, until after you have reached a unanimous verdict or have

15 been discharged.

16

17

18

19

20

21

22

23

24

25

26

27 Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.)

28 [Communication with Court]

52