TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ROBERT K. QUEALY[1]
Special Assistant United States Attorney
Major Frauds Section
THI H. HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6874 / 0596
     Facsimile: (213) 894-0141
     E-mail: Robert.Quealy@usdoj.gov
             Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>                v.<br><br>JONATHON REDONDO-ROSALES,<br><br>           Defendant. | No. 2:25-CR-679-CV<br><br>GOVERNMENT TRIAL MEMORANDUM<br><br>Trial Date: February 3, 2026<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>            Hon. Cynthia<br>            Valenzuela |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Robert K.

//

//

---

   [1] Authorized to practice pursuant to Local Rule 83-2.1.4.2.

Quealy and Assistant United States Attorney Joshua J. Lee, hereby files its Trial Memorandum.

Dated: January 26, 2026        Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____/s/_____
ROBERT K. QUEALY
Special Assistant United States Attorney

THI HOANG HO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Jonathon Redondo-Rosales ("defendant") will soon stand trial for assault on Federal Protective Service ("FPS") Inspector Z.C., a federal officer, in violation of 18 U.S.C. § 111(a)(1).  The charge is a Class A misdemeanor.

This is a simple case.  On August 2, 2025, defendant was present among a group of protestors at the Alameda Street Entrance to the Roybal Federal Building located on the 500 block of North Alameda Street in Los Angeles.  Defendant walked across North Alameda Street towards the federal building as a federal vehicle was exiting onto the street.  Defendant stepped in front of the vehicle and then intentionally collapsed onto the hood of the car.  As FPS Inspector Z.C. and two other FPS officers approached defendant to detain him for obstructing a government vehicle and property damage, defendant retreated from FPS Officer Z.C. and swatted at FPS Officer Z.C.'s face with his left hand, in which defendant was holding a hat.

Trial is set to commence on February 3, 2026, at 9:00 a.m.

**II.   STATEMENT OF THE CHARGE**

Defendant is charged with Simple Assault of a Federal Officer in violation of 18 U.S.C. § 111(a).  To prove a violation, the government must prove the following elements beyond a reasonable doubt:

First, defendant forcibly assaulted Z.C.; and

Second, the defendant assaulted Z.C. while Z.C. was engaged in, or on account of, his official duties.

1. Mens Rea

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure is required to prove this offense. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990).

### III. STATEMENT OF THE CASE

Government Case: The government estimates that presentation of its case-in-chief will take approximately forty-five minutes to one hour, not including defense's cross-examination. The government currently anticipates calling FPS Inspector Murberg as the sole witness in its case-in-chief.

Government Exhibits: The government will seek to admit approximately two exhibits, to include a video captured from social media and a surveillance video, as well as still photographs from the videos.

Defense Case: The defense case appears to center around making this a trial about what happened after defendant's assault of FPS Officer Z.C., when defendant was arrested. This issue is addressed more fulsomely in the government's motions to preclude self-defense arguments and to exclude post-assault evidence, found at Dockets 33 and 34.

Pre-Trial Motions: There are currently six motions in limine pending before the Court which are scheduled to be held at the pre-trial conference on January 28, 2025. The motions are discussed below:

1. Government Motions

The government has filed the following motions in limine which remain pending before the Court:

1. Motion to Admit Evidence under Federal Rule of Evidence Rules 404 and 609 (Dkt. 32);
2. Motion to Exclude Self-Defense Arguments (Dkt. 33); and
3. Motion to Exclude Post-Assault Evidence (Dkt. 34).

Defense opposes all three motions.

### 2. Defense Motions

Defendant has filed the following motions in limine, which remain pending before the Court:

1. Motion to Exclude video Evidence (Dkt. 42);
2. Motion Requesting Grand Jury Information (Dkt. 43); and
3. Motion to Compel Brady Material (Dkt. 53).

The government opposes all three motions and has filed its opposition.

## IV. LEGAL AND EVIDENTIARY ISSUES

### A. Audio and Video Recordings

The government intends to offer into evidence video recordings of defendant from surveillance and bystander video. A recording is admissible upon a showing that it is "accurate, authentic, and generally trustworthy." United States v. King, 587 F.2d 956, 961 (9th Cir. 1978). Testimony that a recording depicts evidence that the witness observed is sufficient to authenticate the recording. Fed. R. Evid. 901(b); United States v. Smith, 591 F.3d 974, 979-80 (8th Cir. 2010).

All duly admitted recordings must be played in open court. The foundation that must be laid for the introduction into evidence of recorded conversations is a matter largely within the discretion of the trial court. There is no rigid set of foundational requirements. Rather, the Ninth Circuit has held that recordings are sufficiently

authenticated under Federal Rule of Evidence 901(a) if sufficient proof has been introduced "so that a reasonable juror could find in favor of authenticity or identification," which can be done by "proving a connection between the evidence and the party against whom the evidence is admitted" and can be done by both direct and circumstantial evidence. United States v. Matta-Ballesteros, 71 F.3d 754, 768 (9th Cir. 1995), opinion amended on denial of reh'g, 98 F.3d 1100 (9th Cir. 1996). Federal Rule of Evidence 901 requires only that the government make "a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification," and the "probative force of the evidence offered is, ultimately, an issue for the jury." United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir. 1989).

### B. Impeachment of Witnesses

Defendant has indicated that he may call several law enforcement witnesses as part of the defendant's case-in-chief. The government reserves its right to object to the admission of evidence that is irrelevant or cumulative. Evidence is relevant if it tends to make a fact of consequence more or less probable. See Fed. R. Evid. 401. The court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The government further maintains its position that a party may not call a witness solely for the purpose of impeachment. United States v. Giles, 246 F.3d 966, 974 (7th Cir. 2001); cf. United States v. Gomez-Gallardo, 915 F.2d 553, 555 (9th Cir. 1990).

4

**C.   Scope of Cross-Examination of Defendant**

The government is unaware of whether defendant intends to testify at trial.  If defendant does testify, the government should be permitted to fully cross-examine him.  A defendant who testifies at trial waives his right against self-incrimination and subjects himself to cross-examination concerning all matters reasonably related to the subject matter of his or her testimony.  See, e.g., Ohler v. United States, 529 U.S. 753, 759 (2000) ("It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination") (citation omitted).  A defendant has no right to avoid cross-examination on matters that call into question his claim of innocence.  United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981).  The scope of a defendant's waiver is co-extensive with the scope of relevant cross-examination.  United States v. Cuozzo, 962 F.2d 945, 948 (9th Cir. 1992); United States v. Black, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or of his waiver.  Rather, the inquiry is whether the government's questions are reasonably related to the subjects covered by the defendant's testimony") (citation and internal quotation marks omitted).

If defendant testifies, the government reserves the right to cross-examine defendant regarding his prior convictions to impeach his "character for truthfulness" or, depending on his testimony on direct examination, to refute his contention that he is a law-abiding citizen unfamiliar with violence.

**D.   Self-Defense**

As stated more fully in government's motion-in-limine #2, the government maintains that defendant has failed to make the necessary prima facie showing to present evidence in support of self-defense at trial.  United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).  The elements for self-defense set forth in the Model Ninth Circuit Jury Instructions, 8.3 Assault on Federal Officer or Employee—Defenses are: (1) the defendant did not know that the victim was a federal officer or employee; (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.  See Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.) (emphasis added).

An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a "narrow range of circumstances."  Acosta-Sierra, 690 F.3d at 1126; Span, 970 F.2d at 580 (noting that an individual has a limited right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct).  Only in those "narrow circumstances" does a defendant not need to establish he was ignorant the victim was a federal officer or employee.  See United States v. Ornelas, 906 F.3d 1138, 1148 (9th Cir. 2018).  Defendant must, however, still offer evidence to show

6

"(1) a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." Acosta-Sierra, 690 F.3d at 1126 (cleaned up); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011).

### E. Character Evidence

As discussed more fully in government's motion in-limine #1 Under Fed. R. Evid. 404(a)(2)(A), in a criminal case, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A).  Similarly, if a defendant offers evidence of an alleged victim's pertinent trait, the prosecutor may "offer evidence to rebut it" and "offer evidence of defendant's same trait."  Fed. R. Evid. 404(a)(2)(B).  Thus, in an assault case, if the defendant offers evidence of his alleged peacefulness or the victim's alleged violent nature, the prosecution may admit evidence regarding defendant's violent nature.

Here, defendant has prior convictions and/or arrests in 2021 for misdemeanor domestic violence battery, obstructing law enforcement, violating a domestic violence restraining order, in 2022 for felony stalking, and in 2023 for felony stalking and misdemeanor domestic violence battery — all of which are evidence of defendant's violent character.  The government, therefore, may inquire into these specific acts on cross-examination should the defendant open the door.  See Fed. R. Evid. 405(a) ("On cross-examination of [a] character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.").

7

**V.    MEET AND CONFER**

On January 26, 2026, pursuant to the Court's standing order, the government attempted to meet and confer with defense counsel regarding their position as to items I through IV.  As of the time of this filing, the government has not received a response.