MCBROOM LAW, P.C.
Katherine "Kacey" McBroom (SBN 223559)
242 26th Street, Unit C
Santa Monica, CA 90402
Email: kmcbroom@mcbroomlegal.com
Phone: (310) 666-5198

Attorney for Defendant
JONATHAN REDONDO-ROSALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>JONATHAN REDONDO-ROSALES<br><br>              Defendant. | CASE NO.  CR 25-679-CV<br><br>JONATHAN REDONDO-ROSALES' OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE<br><br>Location: Courtroom of the Hon. Josephine L. Stanton |

Defendant Jonathan Redondo-Rosales, through his counsel of record, Katherine C. McBroom, hereby files his opposition to the government's Motion to Dismiss Without Prejudice (Dkt. 91.)

– 1 –

## I.    INTRODCUTION

On February 5, 2025, after the pretrial conference, 12 days before the scheduled trial, and 15 days before the last day for trial, the government filed a motion to dismiss without prejudice (Dkt. 91). The Court should deny the government's motion.

First, the motion is procedurally defective. Under Local Rule 6-1, notice of motion shall be filed with the clerk no later than twenty-eight (28) days before the date set for hearing. The government failed to secure a hearing date for this motion and failed seek leave, via *ex parte* application, to request the motion be heard on shortened time.

Second, the government's motion contains misstatements of fact and relies on cases inapposite to its position. The government claims it is seeking dismissal, at the eleventh hour, in good faith, stating: "it is in the interest of justice to dismiss this information. . .so that defendant can be remanded to the state of California for further proceedings on his alleged parole violation." (Dkt. 91 at 5.) This is pretext. The government has been aware of Mr. Redondo-Rosales' alleged parole violation since his arraignment on August 5, 2025. Further, on August 28, 2025, the government opposed Mr. Redondo-Rosales' request for release in order to address the alleged parole violation. Finally, *when and whether* Mr. Redondo-Rosales attends proceedings concerning the alleged parole violation is neither here nor there. Regardless of whether Mr. Redondo-Rosales proceeds to trial in this case now or later has no bearing on whether he will be required to face a charge for a previous parole violation. One has absolutely no bearing on the other.

The government **delayed for 6 months** and only now seeks dismissal without prejudice (1) after the pretrial hearing where the defendant's case theory was discussed, (2) while multiple motions, including a *Brady* motion are pending, (3) after the court ruled that Ninth Circuit Model Criminal Jury Instruction No. 8.3 would be given should the court allow the defense to assert self-defense (4) 12 days

before the scheduled trial date; and (5) 6 days before government counsels' preplanned leave.

The government has not articulated a good faith basis for seeking dismissal without prejudice. Reliance on the parole violation is particularly suspect given the government's knowledge of this issue and failure to raise any concern over the last six months. Rather, the government, in moving for leave at this late juncture, seeks to gain a tactical advantage against Mr. Redondo-Rosales and/or to proceed to trial when counsel is not scheduled to be on leave.

The Court has discretion to deny the government's request for leave to dismiss without prejudice based on the lack of any good faith basis, the unfair tactical advantage afforded the government, to prevent prosecutorial harassment by the charging, dismissing and refiling of charges against Mr. Redondo-Rosales, and to maintain judicial integrity. The public and Mr. Redondo-Rosales have an interest in this case proceeding to trial as scheduled. Accordingly, this Court should deny the government's motion for leave to dismiss without prejudice. Any dismissal, particularly now, should be with prejudice.

## II.    STATEMENT OF FACTS

Mr. Redondo-Rosales has been in federal custody since August 2, 2025, the date of his arrest in this case. (Declaration of Katherine C. McBroom ["McBroom Decl."],  2.) At Mr. Redondo-Rosales' August 5, 2025 arraignment on a felony complaint, the government argued for detention based on Mr. Redondo-Rosales' criminal history as well as his parole status. (*Id.*, ¶ 3.) In Case No. 22WF2510, on July 18, 2023, the Orange County Superior Court sentenced Mr. Redondo-Rosales to four years state prison related to a 2021 incident. (*Id.*, ¶ 4.) He has served his sentence. (*Ibid.*)

In August 2024, Mr. Redondo-Rosales was released from state prison and placed on parole in Los Angeles County and was assigned to the Pomona Parole Office near his residence. (*Id.*, ¶ 5.) Mr. Redondo-Rosales was alleged to have

violated parole in October 2024 for allegedly sending a LinkedIn invitation to the individual with whom he was ordered to have no contact. (*Id.*, ¶ 6.) Mr. Redondo-Rosales served two months in Los Angeles County jail for this parole violation. (*Id.*, ¶ 7.) He was released from custody on December 15, 2024. (*Id.*, ¶ 8.)

Thereafter, Mr. Redondo-Rosales' parole supervision was transferred to San Diego County's Chula Vista office. (*Id.*, ¶ 9.) It is unknown why Los Angeles County transferred parole supervision to a location very far from Mr. Redondo-Rosales' residence, particularly since Mr. Redondo-Rosales was without any transportation. (*Id.*, ¶10.) This was not done at Mr. Redondo-Rosales' request. (*Id.*, ¶ 11.)

Mr. Redondo-Rosales failed to appear at the Chula Vista parole office as directed because he could not arrange transportation to that location. (*Id.*, ¶ 12.) Mr. Redondo-Rosales called his parole agent to inform her of his inability to get to Chula Vista. (*Id.*, ¶ 13.) Based on his failure to appear in person at the Chula Vista parole office, it is alleged that Mr. Redondo-Rosales absconded. (*Id.*, ¶ 14.) Pursuant to a warrant, he will appear in court in San Diego County to address the alleged violation. (*Id.*, ¶ 15.)

At Mr. Redondo-Rosales' August 5, 2025 arraignment hearing, the parties discussed his parole status and the allegation that he absconded for failure to show up in person. (*Id.*, ¶ 16.) Further, at Mr. Redondo-Rosales August 28, 2025 hearing before Magistrate Judge Rozella Oliver, Mr. Redondo-Rosales informed the court of the absconding allegation, his failure to get himself to the Chula Vista parole office, and his desire to be released in order to, in part, address the parole violation allegation out of San Diego County. (*Id.*, ¶ 17.) The government opposed Mr. Redondo-Rosales release and, at no time, raised that Mr. Redondo-Rosales should be remanded to custody in San Diego in order to address the parole violation before proceeding in this case. (*Id.*, ¶ 18.)

Mr. Redondo-Rosales has been in federal custody for over six months. (*Id.*,

¶ 19.) He is ready for trial, currently scheduled to begin February 17, 2026. (*Id.*, ¶ 20.)

On January 28, 2026, the parties attended a pretrial conference before this Court. (*Id.*, ¶ 21.) At that hearing, the government had the opportunity to learn Mr. Redondo-Rosales' defense strategy, heard the Court's inquiries concerning certain motions in limine and the defense's *Brady* motion, and learned that the Court intended to give Ninth Circuit Model Jury Instruction 8.3 should the court allow Mr. Redondo-Rosales to argue self-defense. (*Id.*, ¶ 22.)

On January 30, 2026, the government filed its Notice Re: T-Max Calculation (Dkt. 86). (*Id.*, ¶ 23.) The notice states that the last possible date for trial to commence is February 20, 2026. (*Id.*) The notice further states that AUSA Quealy is scheduled to be on pre-planned, non-refundable annual leave from February 11, 2026 through February 27, 2026 and that AUSA Ho is scheduled to be on pre-planned annual leave from February 11, 2026 through February 20, 2026. (*Id.*)

On February 3, 2026, AUSA Quealy informed defense counsel that if Mr. Redondo-Rosales did not accept the government's proposed disposition, the government intended to seek dismissal without prejudice. (*Id.*, ¶ 24.) On February 4, 2026, the defense emailed AUSA Quealy that Mr. Redondo-Rosales declined the proposed disposition and that the government had not articulated a good faith reason for seeking leave to dismiss without prejudice. (*Id.*, ¶ 25.) Defense counsel stated that she was hard pressed to find a reason for a dismissal without prejudice other than the convenience of government counsel and/or to achieve some tactical advantage. (*Id.*, ¶ 26, Exhibit A, February 4, 2026 Email.)

On February 5, 2026, AUAS Quealy emailed defense counsel that the government intended to seek a dismissal without prejudice and took offense to the insinuation that the government was seeking to refile the charges against Mr. Redondo-Rosales as its convenience. (*Id.*, ¶ 27, Exhibit B, February 5, 2026 Email.) Additionally, AUSA Quealy raised, **for the first time in over six months**

**and 12 days before trial**, that the government "is concerned that defendant is using his federal misdemeanor case to shield himself from the pending parole violation proceedings related to his 2023 state felony conviction." (*Id.*)

On February 5, 2026, the government filed its motion to dismiss without prejudice without selecting a hearing date or requesting *ex parte* relief for shortened time on the hearing of their motion. (*Id.*, ¶ 28.)

## III.    <u>ARGUMENT</u>

### A. <u>The Government's Motion Is Procedurally Defective</u>

Federal Rules of Civil Procedure, Rule 6(c) sets forth the timing for hearing on noticed motions. In general, "a written motion and notice of hearing must be served at least 14 days before the time specified for hearing" except where the motion may be heard on an *ex parte* basis, where the rules set a different time for hearing, or upon court order where a party, for good cause, applies *ex parte* to set a different time.

Further, Local Rule 6-1 provides:

> Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically. . ."

The government filed this motion without selecting an available hearing date, noticing a hearing date, or seeking *ex parte* relief for shortened time. On that basis, the Court has discretion to deny the motion. *See Christian v. Mattel, Inc*, 286 F.3d 1118, 1129 (9th Cir. 2002); *Sec. Alarm Fin. Enters., L.P. v. Nebel,* 200 F.Supp. 3d 976, 983-84 (C.D. March 16, 2016).

### B. <u>The Government Fails to Raise a Good Faith Basis for Seeking Leave to Dismiss Without Prejudice</u>

Federal Rule of Criminal Procedure 48(a) governs dismissals in criminal cases. Pursuant to Rule 48(a), the government may, with leave of court, dismiss an

indictment, information, or complaint. The principal purpose of the leave-of-court requirement is to protect the defendant against prosecutorial harassment, e.g. charging, dismissing, and recharging where the government moves to dismiss over a defendant's objection. *U.S. v. Garcia-Valenzuela*, 232 F.3d 1003, 1007-1008 (9th Cir. 2000).

The court may deny a government's dismissal motion if that motion is prompted by considerations clearly contrary to the public interest, or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to charging, dismissing, and recharging. *U.S. v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988). The fundamental consideration in assessing a dismissal motion is prosecutorial good faith. *Id.* Improper motivations for dismissal include the desire to attend a social event instead of appearing in court (*U.S. v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983) (citing *U.S. v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981). Additionally, dismissal in order to obtain a better jury constitutes prosecutorial bad faith. *U.S. v. Wallace,* 848 F.2d 1464, 1468 (9th Cir. 1988).

Here, a dismissal without prejudice is clearly contrary to manifest public interest. The government claims it is in "the interests of justice" for Mr. Redondo-Rosales to attend court proceedings concerning an alleged parole violation prior to facing charges in this matter. First, this premise is nonsensical. Mr. Redondo-Rosales will face criminal proceedings related to an absconding violation regardless of whether he faces the current charges now or later. Second, if the government is truly concerned about the order in which Mr. Redondo-Rosales faces state versus federal charges, this concern would have and should have been raised in August 2025. The fact that the government raised its concern, six months later, days after the pretrial conference, 12 days before trial, and 6 days before both government counsel are scheduled to be on pre-planned leave demonstrates the dismissal is not sought in good faith or in the interests of justice. On the contrary, it appears the government seeks to delay trial for personal reasons and/or to gain a

tactical advantage. The interests of justice require the trial to proceed as scheduled or a dismissal with prejudice.

Further, the cases upon which the government relies do not support its position. *U.S. v. Mujahid*, 491 Fed. Appx. 859 (9th Cir. 2012), an unpublished opinion, does not include the government's stated reason for seeking dismissal without prejudice. The case, however, confirms that a court may deny the government's dismissal motion where it is clearly contrary to public interest or there is a concern that the defendant, as here, will be subjected to prosecutorial harassment through charging, dismissing, and recharging. *Id.* at 860.

In *U.S. v. Bundy*, 968 F.3d 1019 (9th Cir. 2020) the appellate court affirmed the district court's judgment dismissing with prejudice for *Brady* violations where the government failed to produce exculpatory evidence on the basis that it was unaware the information would be central to the defense's theory of the case and that it did not have knowledge or access to anything in the possession or control of the FBI. *Id.* at  1035-37. Here, the government is seeking dismissal without prejudice with a defense motion to compel *Brady* evidence still outstanding.

*U.S. v. B.G.G.*, 53 F.4th 1353 (11th Cir. 2022), an 11th Circuit case, concerned the court's denial of the government's motion to dismiss without making a finding that the government sought dismissal in bad faith. The Eleventh Circuit found that the district court erred by focusing on the government's reasons for filing the information rather than its reasons for dismissing it. *Id.* at 1367-68.  In *B.G.G.* the basis for the government's dismissal motion was the defendant's refusal to waive prosecution by indictment. *Id.* at 1358. The government had filed an information against the defendant when grand jury proceedings were suspended due to the Covid pandemic, and the statute of limitations was scheduled to run within days of the filing.  *Id.*  The government requested dismissal and sought to indict the defendant once the grand jury reconvened. *Id.*

*B.G.G.* is in no way analogous to this case. Here the government seeks dismissal based on Mr. Redondo-Rosales' pending parole violation, something the government has been aware of since August 5, 2025. Only now, with motions in limine and a *Brady* motion pending, 12 days before trial and 6 days before government counsels' preplanned leave, is the government seeking a dismissal without prejudice. It is unclear why or how the parole violation for absconding has anything to do with the present case. Whether Mr. Redondo-Rosales is acquitted or found guilty of the charge here has no bearing on whether he will be transported to San Diego County to answer for an alleged parole violation for absconding.

Far more analogous to this case is *U.S. v. Erickson,* 2024 U.S. Dist. LEXIS 3540 (D.V.I January 8, 2024). There, after a pretrial conference where the court previewed its rulings, the government moved to dismiss the indictment. *Id.* at 3-7. The Court stated, "Seemingly recognizing the weakness of its case, the Government filed the instant motion the next day seeking leave to dismiss. . . pursuant to Rule 48(a)." *Id.* at 7-8.

*Erickson* states:

As the [evidentiary] hearing continued, the Court inquired as to whether the Government was seeking to dismiss the Indictment in bad faith. In particular, the **Court asked the Government whether the prosecution would receive an unfair tactical advantage given that the prosecution waited to move for dismissal until after Erickson had already explained his defenses** and the Court had made its preliminary rulings on the admissibility of the Government's evidence, and **a dismissal without prejudice would allow the Government to better prepare for Erickson's defenses and cure any evidentiary deficiencies**. The Government conceded that it would indeed receive a tactical advantage but that the advantage should not preclude the Government from obtaining a dismissal without prejudice. According to the Government, Rule 48 was designed to provide federal prosecutors with a tactical advantage. Therefore, the counsel for the Government concluded that even if the Government seeks to dismiss a case in an effort to achieve a strategic advantage at a later time, that fact alone should not preclude it from

dismissing the Indictment without prejudice. From the Government's perspective, so long as the tactical advantage itself is not sought in bad faith, the dismissal should be without prejudice.

*Id.* at 13 (emphasis added).

*Erickson* continues:

. . .although the district courts are limited in the scope of their discretion, Rule 48(a) does not 'intend[] the trial court to serve merely as a rubber stamp for the prosecutor's decision.' *United States v. Ammidown*, 497 F.2d 615, 622, 162 U.S. App. D.C. 28 (D.C. Cir. 1973). **The district court maintains a duty to protect criminal defendants from harassment and maintain the integrity of the judicial system**. *See In re Richards*, 42 V.I. at 489; *Wecht*, 2008 U.S. Dist. LEXIS 753, 2008 WL 65605, at *4.

*Id.* at 16-17 (emphasis added).

*Erickson* ultimately determined the prosecutor acted in bad faith stating:

After careful consideration and review, the Court finds that the Government's request for dismissal of the Indictment has been sought in bad faith in order to obtain an improper tactical advantage. As the Government conceded at the September 20th evidentiary hearing, the prosecution would undoubtedly receive an advantage by dismissing this case without prejudice just days before the start of trial. **By waiting until the conclusion of the status conference to make the motion, the Government was given the opportunity to hear Erickson's anticipated defenses and address any potential holes in its case-in-chief.** The delayed filing of the Rule 48(a) motion also gave the Government the advantage of hearing how the Court intended to rule on the admissibility of the evidence, thereby allowing the Government to unfairly strengthen its case and cure any evidentiary deficiencies without being burdened by the previous trial deadlines.

*Id*. at 17-18 (emphasis added).

As in *Erickson*, the government waited six months and after the pretrial conference, to seek dismissal under Rule 48(a). The explanation that the government believes it is in the interest of justice for Mr. Redondo-Rosales to proceed first with the parole violation is merely pretext. Had this been a legitimate

concern, the government would have sought dismissal in August 2025 when they learned of the violation and opposed Mr. Redondo-Rosales' release. Further, as in *Erickson,* delay in bringing the Rule 48(a) motion until after the pretrial conference and days before trial gives the government a clear tactical advantage in a subsequent case. They have been privy to Mr. Redondo-Rosales' anticipated defenses, the court's comments on some of the pretrial evidentiary motions, and rulings concerning the self-defense jury instruction should the court allow the defendant to argue self-defense.

Simply put, the government has failed to articulate a non-pretextual, good faith basis for seeking dismissal without prejudice. Should the government refile this case, it will no doubt have a tactical advantage against Mr. Redondo-Rosales to his detriment. The Court should exercise its discretion to deny the dismissal without prejudice in order to protect Mr. Redondo-Rosales from prosecutorial harassment via charging, dismissing, then refiling with a significant tactical advantage and maintaining the integrity of the judicial system.

## IV.   CONCLUSION

For the foregoing reasons, the defense respectfully opposes the government motion for leave to dismiss without prejudice. The public and Mr. Redondo-Rosales have an interest in this proceeding to trial as scheduled. Any dismissal should be with prejudice.

DATED:  February 6, 2026

*Katherine C. McBroom*

Katherine McBroom
Attorney for JONATHAN
REDONDO-ROSALES

**DECLARATION OF KATHERINE McBROOM**

1. I am an attorney licensed to practice law in California State and Federal courts, am a member of the CJA Panel for the Central District of California and I have been appointed to represent Defendant Jonathan Redondo-Rosales ("Mr. Redondo-Rosales").

2. Mr. Redondo-Rosales has been in federal custody since August 2, 2025, the date of his arrest in this case.

3. At Mr. Redondo-Rosales' August 5, 2025 arraignment on a felony complaint, the government argued for detention based on Mr. Redondo-Rosales' criminal history as well as his parole status.

4. In Case No. 22WF2510, on July 18, 2023, the Orange County Superior Court sentenced Mr. Redondo-Rosales to four years state prison related to a 2021 incident. He has served his sentence.

5. In August 2024, Mr. Redondo-Rosales was released from state prison and placed on parole in Los Angeles County and was assigned to the Pomona Parole Office near his residence.

6. Mr. Redondo-Rosales was alleged to have violated parole in October 2024 for allegedly sending a LinkedIn invitation to the individual with whom he was ordered to have no contact.

7. Mr. Redondo-Rosales served two months in Los Angeles County jail for this parole violation.

8. He was released from custody on December 15, 2024.

9. Thereafter, Mr. Redondo-Rosales' parole supervision was transferred to San Diego County's Chula Vista office.

10. It is unknown why Los Angeles County transferred parole supervision to a location very far from Mr. Redondo-Rosales' residence, particularly since Mr. Redondo-Rosales was without any transportation.

11. This was not done at Mr. Redondo-Rosales' request.

12. I am informed and believe that Mr. Redondo-Rosales failed to appear at the Chula Vista parole office as directed because he could not arrange transportation to that location.

13. I am informed and believe that Mr. Redondo-Rosales called his parole agent to inform her of his inability to get to Chula Vista.

14. Based on his failure to appear in person at the Chula Vista parole office, it is alleged that Mr. Redondo-Rosales absconded.

15. Pursuant to a warrant, he is likely to appear in court in San Diego County to address the alleged violation.

16. At Mr. Redondo-Rosales' August 5, 2025 arraignment hearing, the parties discussed his parole status and the allegation that he absconded for failure to show up in person.

17. Further, at Mr. Redondo-Rosales August 28, 2025 hearing before Magistrate Judge Rozella Oliver, Mr. Redondo-Rosales informed the court of the absconding allegation, his failure to get himself to the Chula Vista parole office, and his desire to be released in order to, in part, address the parole violation allegation out of San Diego County.

18. The government opposed Mr. Redondo-Rosales release and, at no time, raised that Mr. Redondo-Rosales should be remanded to custody in San Diego in order to address the parole violation before proceeding in this case.

19. Mr. Redondo-Rosales has been in federal custody for over six months.

20. Mr. Redondo-Rosales is ready for trial, currently scheduled to begin February 17, 2026.

21. On January 28, 2026, the parties attended a pretrial conference before this Court.

22. At that hearing, the government had the opportunity to learn Mr. Redondo-Rosales' defense strategy, heard the Court's inquiries concerning certain motions in limine and the defense's *Brady* motion, and learned that the Court

– 13 –

intended to give Ninth Circuit Model Jury Instruction 8.3 should the court allow Mr. Redondo-Rosales to argue self-defense.

23. On January 30, 2026, the government filed its Notice Re: T-Max Calculation (Dkt. 86). The notice states that the last possible date for trial to commence is February 20, 2026. The notice further states that AUSA Quealy is scheduled to be on pre-planned, non-refundable annual leave from February 11, 2026 through February 27, 2026 and that AUSA Ho is scheduled to be on pre-planned annual leave from February 11, 2026 through February 20, 2026.

24. On February 3, 2026, AUSA Quealy informed me that if Mr. Redondo-Rosales did not accept the government's proposed disposition, the government intended to seek dismissal without prejudice.

25. On February 4, 2026, the defense emailed AUSA Quealy that Mr. Redondo-Rosales declined the proposed disposition and that the government had not articulated a good faith reason for seeking leave to dismiss without prejudice.

26. In an email dated February 4, 2026, I stated that I was hard pressed to find a reason for a dismissal without prejudice other than the convenience of government counsel and/or to achieve some tactical advantage. Attached here as Exhibit A is a true and correct copy of my February 4, 2026 email.

27. On February 5, 2026, AUAS Quealy emailed me that the government intended to seek a dismissal without prejudice and took offense to the insinuation that the government was seeking to refile the charges against Mr. Redondo-Rosales as its convenience. Additionally, AUSA Quealy raised, for the first time in over six months and 12 days before trial, that the government "is concerned that defendant is using his federal misdemeanor case to shield himself from the pending parole violation proceedings related to his 2023 state felony conviction." Attached here as Exhibit B is a true and correct copy of AUSA Quealy's February 5, 2026 email.

28. On February 5, 2026, the government filed its motion to dismiss without

prejudice without selecting a hearing date or requesting *ex parte* relief for shortened time on the hearing of their motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of February 2026, at Santa Monica, California.

*Katherine C. McBroom*

KATHERINE McBROOM